■ In the Matter of MONTGOMERY COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner, v DEPARTMENT OF SOCIAL SERVICES OF THE STATE OF NEW YORK et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Montgomery County) to review a determination of the respondent State Commissioner of Social Services, made after a hearing, which decided that the Montgomery County Department of Social Services is responsible for certain medical expenses of Kathleen Barhydt. Kathleen Barhydt, a minor, left her mother's home in Montgomery County in January of 1979 and lived in Herkimer County until May of that year when she was admitted to a hospital in the latter jurisdiction. Discharged in July, her application for medical assistance was denied by the Herkimer County Department of Social Services and her mother's request for such assistance was denied by the Montgomery County Department of Social Services. The respondent State Commissioner of Social Services, following a hearing, affirmed the decision of Herkimer County officials ruling, in effect, that Barhydt's medical needs were properly chargeable to petitioner, the Montgomery County Department of Social Services. We find it unnecessary to decide whether, as petitioner argues, Barhydt was shown to be a fully emancipated minor eligible to receive grants of public assistance in her own right (see 18 NYCRR 349.5), for respondent's decision is grounded on a finding that she was a Montgomery County resident. In determining which public welfare district must furnish medical assistance, the residence of the applicant immediately preceding hospital admission is controlling (Social Services Law, § 62, subds 1, 5; § 365, subd 1; *Matter of Owen v Wyman,* 36 AD2d 547). Here, the record establishes that Barhydt dwelled in Montgomery County and acquired no fixed abode during her brief four-month stay in Herkimer County. Thus, even if she was treated as an adult, substantial evidence plainly supports respondent's determination (cf. *Matter of Owen v Wyman, supra).* Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Mikoll and Yesawich, Jr., JJ., concur.