■ In the Matter of JAMES L. COVERT, as Commissioner of the Madison County Department of Social Services, Petitioner, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review respondent State commissioner's fair hearing decision which determined that petitioner and the Madison County Department of Social Services were fiscally responsible for providing one Elsie Roberts with medical assistance. Elsie Roberts, the applicant for medical assistance herein, was born and had continuously resided in Madison County for the first 87 years of her life when, early in 1978, she came to realize that she could no longer manage to live alone in her apartment in the City of Oneida, Madison County. As a consequence, she decided to enter a nursing home and opted for a location in the City of Rochester, Monroe County, where her nephew resided. On May 4, 1978, she and her companion came to Rochester where they stayed at her nephew's home for about a week while he assisted in her placement in the Goodman Gardens Nursing Home in Rochester, and she was accepted and admitted to the nursing home on May 11, 1978. Approximately two years later in June of 1980, she applied to the Monroe County Department of Social Services for medical assistance, and a dispute thereafter developed between Monroe County and Madison County as to which of the two counties was fiscally responsible for the assistance. Following a hearing on the matter, the State Commissioner of the Department of Social Services found that the applicant had, in effect, moved from her Madison County residence to Goodman Gardens, and accordingly, Madison County was held to be responsible for the requested medical assistance. The instant proceeding ensued, and we hold that the challenged determination should be confirmed. Under the facts of this case as set forth above and further detailed in the record, it is clear that the applicant was a resident of Madison County until her admission to Goodman Gardens and that she acquired no fixed abode in Monroe County during her brief seven-day stay at her nephew's Rochester home. Such being the case, the State commissioner properly ruled that Madison County was fiscally responsible for the medical assistance at issue pursuant to section 62 (subd 5, par [a]) of the Social Services Law (cf. *Matter of Montgomery County Dept. of Social Servs. v Department of Social Servs. of State of N. Y.,* 83 AD2d 684). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.